UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

VANCE BELFATTO,

                              Plaintiff,

v.                                                  Civil Action No. _____

NORTH AMERICAN ASSET SERVICES, LLC
D/B/A FRONTIER FINANCIAL GROUP,

                              Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Vance Belfatto, is a natural person residing in the County of Niagara and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Frontier Financial Group, is a corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a pay day loan debt to Great Plains. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief Defendant was employed by Great Plains to collect on the subject debt.

13. That in or about December of 2012, Defendant began calling Plaintiff multiple times per week in an attempt to collect on the subject debt.

14. Defendant left a voice mail message stating it was regarding a matter in Niagara County.

15. That Plaintiff called the Defendant back and spoke with a Ms. Davis. He indicated to her that he was not able to pay this debt at this time. Ms. Davis said he would have to pay if he wanted the "action" stopped. She also indicated that she was going to verify Plaintiff's employment and that if he didn't pay this debt she would forward it to the legal department for further action.

16. Plaintiff responded by stating to Ms. Davis to not call him at his place of employment.

17. That despite Defendant's statements, they had not been authorized by Great Plains to pursue legal action against Plaintiff, and did not intend to do so.

18. That in or about January 2013, Defendant left a voice message on Plaintiff's general work answering machine. This message disclosed the existence of the subject debt and was heard by Plaintiff's co-workers.

19. After being informed of the above message by Plaintiff's employer, Plaintiff contacted the Defendant and requested that they not contact him at his place of employment. Defendant responded by stating that they could contact him at his work anytime they want and that he was guilty of passing a bad check across state lines and committed "malicious intent to defraud."

20. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

21. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 20 above.

22. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by using language the natural consequence of which is to abuse the hearer as described in paragraphs 15 and 19.

    B. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(5) and 15 U.S.C. §1692e(10) by using false and misleading representations when stating Plaintiff would have to pay the debt to stop the "action"; that they would verify his employment and if he didn't pay this debt she would forward it to the legal department for further action; and that he was guilty of passing a bad check across state lines and committed "malicious intent to defraud."

    C. Defendant violated 15 U.S.C. §1692c(a)(3) by contacting Plaintiff at his place of employment despite being instructed previously by the Plaintiff to not call him at his work.

23. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: March 13, 2013

                                                 /s/ Seth J. Andrews_____
Seth Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com

**VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

Plaintiff, Vance Belfatto, affirms that the following statements are true and correct under penalties of perjury:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated: March 13, 2013                                   _____

                                                        Vance Belfatto